United States Court of Appeals
Fifth Circuit

**F I L E D**

December 30, 2005

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

**05-10262
Summary Calendar**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**RICKY B. RAMIREZ,**

**Defendant-Appellant.**

**Appeal from the United States District Court
for the Northern District of Texas
(6:04-CR-56-ALL-C)**

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ricky B. Ramirez appeals from his guilty-plea conviction for being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (Ramirez waived his right to appeal his conviction and sentence, with four exceptions. His appeal is not barred, however, because his challenge to an incorrect application of the United States Sentencing Guidelines was one of the listed exceptions to his appeal-waiver provision.)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ramirez contends the district court erred by increasing his sentence for possessing a firearm in connection with another felony offense, pursuant to U.S.S.G. § 2K2.1(b)(5). Ramirez's sentencing hearing was held following the decision in **United States v. Booker**, 125 S. Ct. 738 (2005). The district court held the § 2K2.1(b)(5) adjustment was applicable. Post-**Booker**, this court continues to review the interpretation and application of the sentencing guidelines *de novo*. **United States v. Villegas**, 404 F.3d 355, 359 (5th Cir. 2005).

Ramirez claims the adjustment was not applicable to his sentence because: (1) the firearm and drugs found in his motel room were not spatially proximate because they were contained in separate bags, one of which was claimed by his girlfriend; and (2) there was insufficient evidence that he had possession of the drugs. The district court did not err in applying the § 2K2.1(b)(5) adjustment. *See* **United States v. Condren**, 18 F.3d 1190, 1199-1200 (5th Cir.), *cert. denied*, 513 U.S. 856 (1994) (holding that a loaded gun in a defendant's locked desk drawer was within sufficient proximity to drugs elsewhere in the room to satisfy § 2K2.1(b)(5), even though the defendant claimed he was only keeping the gun as collateral).

*AFFIRMED*